**LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, LOCAL NO. 83, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 73–1937.

United States Court of Appeals, Sixth Circuit.

Argued April 18, 1974.

Decided June 6, 1974.

William L. Howland, Portsmouth, Ohio, for petitioner; Bannon, Howland, McCurdy & Dever, Portsmouth, Ohio, on brief.

Edmund D. Cooke, Jr., N. L. R. B., Washington, D. C., for respondent; Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, John D. Burgoyne, Attys., N. L. R. B., Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, and MILLER and LIVELY, Circuit Judges.

PER CURIAM.

This case is before the court on the petition of the Laborers' International Union of North America, AFL–CIO, Local No. 83, to review a decision of the National Labor Relations Board, and the cross-application of the Board for enforcement of its order. Reference is made to the decision of the Board, reported at 205 N.L.R.B. No. 77 (1973), for a recitation of pertinent facts.

The Board found that the Union had caused and attempted to cause Fry, Inc. (the Company) to refuse to hire Vernon Sims, Clyde Hatfield and Joe Hanna because they failed to seek employment through the Union's hiring hall, in violation of § 8(b)(1)(A) and (2) of the National Labor Relations Act.

The Company and the Union had entered into a "pre-job conference agreement." The Union interpreted this agreement to constitute a hiring hall agreement. The Company's representative testified that he wasn't sure whether or not the agreement contained a hiring hall clause and that it probably did not.

The Board found that Sims, Hanna and Hatfield had gone to the site of the Company's project a number of times seeking employment, that there were jobs available, that local men were particularly desired by the Company and that the Company specifically had asked the Union about these men. The Board further found that the only reason these men were not hired was because the Union insisted that the pre-job conference agreement required the Company to hire men through the Union hiring hall.

The Board concluded that the General Counsel had made out a prima facie case of "cause and attempt to cause," and, therefore, it was incumbent upon the Union to introduce the pre-job conference agreement. This agreement was never introduced into evidence.

■ This court is of the view that there is substantial evidence on the record to support the Board's conclusion that the Union violated § 8(b)(1)(A) and (2) of the Act. Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

■■ It is well settled that non-discriminatory hiring hall provisions are not unlawful. Local 357, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America v. N.L.R.B., 365 U.S. 667, 81 S.Ct. 835, 6 L.Ed.2d 11 (1961); N.L.R.B. v. International Union of Operating Engineers, Local No. 12, 323 F.2d 545 (9th Cir. 1963). See generally Annotation, 38 A.L.R.2d 413. Where there is no hiring hall provision, a union may not insist that a company hire solely through its hiring hall. N.L.R.B. v. Teamsters Local Union No. 676, 419 F.2d 1274 (3rd Cir. 1969).

■ The Union contends that its agreement with the Company contained a hiring hall provision. This provision, it is argued, justified the Union's activities with respect to Sims, Hanna and Hatfield. The Union, however, did not introduce this agreement into evidence, but rather contends that the Board had the burden of producing it as part of its case.

In N.L.R.B. v. Great Dane Trailers, Inc., 388 U.S. 26, 34, 87 S.Ct. 1792, 18 L.Ed.2d 1027 (1967), the Supreme Court stated:

"[O]nce it has been proved that the employer engaged in discriminatory conduct which could have adversely affected employee rights to some extent, the burden is upon the employer to establish that he was motivated by legitimate objectives since proof of motivation is most accessible to him."

*See also* N.L.R.B. v. Fleetwood Trailer Co., Inc., 389 U.S. 375, 378, 380, 88 S.Ct. 543, 19 L.Ed.2d 614 (1967); N.L.R.B. v. Jemco, Inc., 465 F.2d 1148, 1152 (6th Cir. 1972), cert. denied, 409 U.S. 1109, 93 S.Ct. 911, 34 L.Ed.2d 690 (1973). We think that this shifting burden principle is equally applicable here where the Union caused or attempted to cause the Company to refuse to hire Sims, Hatfield and Hanna because they failed to seek employment through the Union's hiring hall.

■ We do not think it fatal to the Board's decision that the pre-job conference agreement was not introduced in evidence. The Union was seeking to justify its actions and was in a better position to produce the agreement than was the Board.

■ Once the Board made a prima facie case, the burden shifted to the Union to show that its actions were authorized by the pre-job conference agreement.

Enforcement granted.